Shields, Justice, delivered the opinion of the court: The ap-pellee, James G. Smith, by his next friend, John G. Darwin, brought suit before a justice of the peace of Randolph county, on the 5th day of January, 1843, and recovered a judgment against George Little, the appellant, for $50 and costs, from which the defendant prayed an appeal to the circuit court, and, on the second day after the rendition of the judgment, executed before the justice of the peace an appeal bond, with security approved by the justice, according to the provisions of law. The justice having accepted and approved the said bond, on the 20th day of February, and not before, filed it, together with the transcript and papers in the case, in the office of the clerk of the circuit court of Randolph county. The appellee, at the next term, moved the court to dismiss the appeal, because the justice of the peace had not filed the bond with the clerk within twenty days after his approval and acceptance of it. The court, upon such motion, dismissed the appeal and rendered judgment for costs against the appellant. From this judgment he has appealed to this court, and assigns the following reason for a reversal of the judgment, to wit: The neglect of the justice in this case to file the appeal bond in the office of the clerk of the circuit court within twenty days after it was entered into before and approved by him, did not justify the court in dismissing the appeal thus taken. This decision was made under and by virtue of the provisions of the third section of an act entitled “ an act to amend the several laws in relation to appeals ” (Acts of 1839-40, 109), approved February 3, 1840, which directs the justice of the peace to file the appeal bond within twenty days after the receipt and approval of the same, together with the other papers in the cause, in the office of the clerk of the circuit court of the proper county. This law was doubtless enacted for the convenience of suitors, and to enable a party who might feel aggrieved by the judgment of a justice of the peace to take an appeal from such a judgment by entering into a bond with approved security, before the justice, without requiring him to incur the [*402] expense and trouble of traveling from, perhaps, the most remote section of the county to the office of the clerk of the circuit court for that purpose. The provisions of the third section of the act appear to us to be only directory to the justice, prescribing a ministerial duty to be performed by him within a limited, time. In this respect it seems in some measure to resemble the duty enjoined upon sheriffs to return the process of court in-a prescribed time. In each case the duty is enjoined upon the officer bylaws, and the time prescribed within which that duty is to be performed; and in case of a neglect it is in the power of the court, upon application being made to it for that purpose, to enforce performance. When the party appealing has entered into the appeal bond, and the same is accepted and approved by the justice, the appeal is taken. He has done all which the law requires of him, and what remains to be done, to wit: the return of the papers to the office of the clerk, is to be performed by the justice of the peace. In the performance of this act, which is merely ministerial, the justice is the officer of the law, and not the agent of the party; and consequently the party cannot be held responsible for his neglect. We cannot but think it would be attended with hardship to take from a party the power of performing an act and then dismiss his appeal because the act was not performed. The language of the section is certainly susceptible of a different construction, and it seems that a different construction has been, given repeatedly to a similar act by the courts of judicature. It was this settled construction of a similar act in that state which led the court, in the case of Campbell v. Quinlin, 3 Scam. 288, to decide that an appeal was properly dismissed because the justice neglected to return the appeal bond in time. It is very true that, as a general rule, when a legislature adopts the laws of another state it also adopts the settled construction which the courts of that state have given to those laws; but in a matter of practice this rule is not so inflexible, as a construction, which may be adapted to the general system of practice in Indiana, may not be very well suited to the system in operation with ns. On the whole, as the construction already put upon this section is found to operate inconveniently, and as the remedy of the party against the justice would be always attended with trouble, and often be inadequate, we think, upon a review of our former decision, that it is the duty of the circuit court not to dismiss the appeal simply for the neglect of the justice to file the bond and other papers in the cause within the limited time, but to leave it to the party appealing to apply to the court to compel the justice to make such return, and in default of such application the court, in its discretion, may dismiss the appeal. The judgment of the circuit court is therefore reversed with costs, and the cause remanded. Judgment reversed.